DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*(Additional Counsel Listed on Signature Page)*

Attorneys for Defendant PARAMOUNT SKYDANCE CORPORATION & PLUTO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

RAQUEL DIAZ, on behalf of her minor child, B.E., and all others similarly situated, LISA MEDINA, on behalf of her minor child, G.C., and all others similarly situated, OSCAR RODRIGUEZ, on behalf of his minor child, F.R., and all others similarly situated, STACY RADER, on behalf of her minor child, S.C., and KATRINA MONTGOMERY, on behalf of her minor children, J.M., J.A., and J.M., and all others similarly situated,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION and PLUTO INC.,

Defendants.

Case No. 5:25-cv-02945-KK (DTB)

**DEFENDANTS PARAMOUNT SKYDANCE CORPORATION AND PLUTO INC.'S REQUEST FOR CONSIDERATION OF DOCUMENTS UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE AND/OR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Date: September 10, 2026
Time: 9:30 a.m.
Courtroom 3, 3rd Floor
Honorable Kenly Kiya Kato

Pursuant to Fed. R. Evid. 201 and the incorporation-by-reference doctrine, Defendants, Paramount Skydance ("Paramount") and Pluto Inc. ("Pluto") respectfully requests that the Court consider, in determining its accompanying motion to dismiss the amended complaint (the "Motion"), the following exhibits attached to the concurrently filed Declaration of Blake J. Steinberg ("Steinberg Decl.") and Declaration of Tad Ro ("Ro Decl."):

1. Exhibit A to the Steinberg Declaration is a true and correct screenshot of Pluto TV's Live TV Webpage page from January 6, 2026. Steinberg Decl. ¶ 4. The URL for this webpage is https://pluto.tv/us/live-tv/65e23f340d4561000821540d. *Id.*
2. Exhibit B to the Steinberg Declaration is a true and correct screenshot of Pluto TV's Sign Up Page from January 6, 2026. *Id.* ¶ 5. The URL for this webpage is https://pluto.tv/us/account/sign-up. *Id.*
3. Exhibit C to the Steinberg Declaration is a true and correct copy of Pluto TV's Terms of Use retrieved from the Pluto TV website on January 6, 2026. *Id.* ¶ 6. The URL for the Terms is https://legal.paramount.com/us/en/plutotv/terms-ofuse?r=pluto.tv. *Id.*
4. Exhibit D to the Steinberg Declaration is a true and correct copy of Pluto TV's Privacy Policy retrieved from the Pluto TV website on June 18, 2026. *Id.* ¶ 7. The URL for the Privacy Policy is https://privacy.paramount.com/en/policy?r=pluto.tv#top. *Id.*
5. Exhibit E to the Steinberg Declaration is a true and correct copy of Pluto TV's Children's Privacy Policy retrieved from the Pluto TV website on June 18, 2026. *Id.* ¶ 8. The URL for the Children's Privacy Policy is https://privacy.paramount.com/en/minors-policy?r=privacy.paramount.com. *Id.*

6. Exhibit F to the Steinberg Declaration is a true and correct screenshot of Pluto TV's support webpage showing "What streaming features are available on Pluto TV" from January 6, 2026. *Id.* ¶ 9. The URL for this webpage is https://support.pluto.tv/s/article/PTV-What-streaming-features-are-availableon-Pluto-TV?language=en_US. *Id.*
7. Exhibit G to the Ro Declaration is a true and correct copy of the prior version of the Terms of Use, effective throughout 2024. Ro Decl. ¶ 5.
8. Exhibit H to the Ro Declaration is a true and correct copy of the prior version of the Privacy Policy, effective throughout 2024. *Id.* ¶ 5.
9. Exhibit I to the Ro Declaration is a true and correct copy of the prior version of the Children's Privacy Policy, effective throughout 2024. *Id.*

## LEGAL DISCUSSION

### A. Incorporation-by-Reference Doctrine

"[U]nder the 'incorporation by reference' doctrine, [courts may] take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)). The doctrine prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076 (citing *Parrino*, 146 F.3d at 706).

Unlike judicial notice, a "court may treat such a document as 'part of the complaint,

and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.").

Each of these exhibits should be considered by the Court, because the contents are central to Plaintiffs' claims. Plaintiffs' Amended Complaint ("FAC") repeatedly alleges misconduct arising from their use of Defendant's website, including what users allegedly see, how the site functions, and what information is purportedly disclosed (or not disclosed) during that use. *See e.g.*, FAC ¶¶ 10-11, 120, 122, 124-25, 129, 133, 136, 155, 185. The website materials reflect the pages and features Plaintiffs claim to have interacted with and are therefore central to Plaintiffs' claims. *See Knievel*, 393 F.3d at 1076 ("Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages."); *Sisti v. Bosley Inc.*, 2026 WL 1223927, at *5 (C.D. Cal. Apr. 27, 2026) (finding website materials to be incorporated by reference in the complaint); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (considering website materials referenced in the complaint); *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1053 n.2 (9th Cir. 2025) (finding the "district court appropriately considered TJU's website under the doctrine of incorporation by reference, as [plaintiff] extensively referenced TJU's website throughout its complaint"). Moreover, as to Pluto's Privacy Policies, Plaintiffs directly reference and quote from them multiple times in the FAC. *See* FAC ¶¶ 129, 133, 136, 155, 185. Courts regularly apply the incorporation-by-reference doctrine to consider privacy policies on a motion to dismiss. *See, e.g., Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771, at *2 n.21

(N.D. Cal. Apr. 8, 2021); *Sisti*, 2026 WL 1223927, at *5.

**B. Judicial Notice**

Under Federal Rule of Evidence 201(b), "a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also McCool v. Wilson*, No. ED CV 19-2499 PSG (KKx), 2020 WL 7223252, at *4 (C.D. Cal. Oct. 28, 2020) (granting judicial notice of an LLC Agreement in part because its contents "are central to claims asserted by Plaintiffs").

Each of these exhibits is subject to judicial notice because they contain materials from Pluto's publicly available website and their authenticity cannot reasonably be questioned. Websites and their contents may be judicially noticed. *Whitaker v. Fortuna Enters., L.P.*, 2021 WL 4260606, at *2, n.2 (C.D. Cal. May 12, 2021) ("In general, websites and their contents may be judicially noticed.") (citing *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020)); *Sisti*, 2026 WL 1223927, at *5 (C.D. Cal. Apr. 27, 2026) (taking judicial notice of defendant's privacy policy); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal. 2020) (taking judicial notice of Google's Privacy Policy). As such, this Court should consider these documents when ruling on the Motion to Dismiss. Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information"). Accordingly, Defendants respectfully request that the Court consider the documents submitted concurrently with this Request in resolving Defendants' Motion.

Dated: June 18, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ David R. Singh*
DAVID R. SINGH

DAVID R. SINGH
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
BLAKE J. STEINBERG (*pro hac vice*)
blake.steinberg@weil.com WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant PARAMOUNT SKYDANCE CORPORATION & PLUTO, INC.